ANAHEIM CITY ATTORNEY'S OFFICE
MOSES W. JOHNSON, IV (SBN 118769)
Assistant City Attorney
E-mail: mjohnson@anaheim.net
200 S. Anaheim Boulevard, Suite 356
Anaheim, California  92805
Tel: (714) 765-5169 Fax: (714) 765-5123

Attorneys for Defendants, CITY OF ANAHEIM, MAYOR HARRY S. SIDHU; MAYOR PROTEM STEPHEN FAESSEL; COUNCILPERSON DENISE BARNES; COUNCILPERSON JORDAN BRANDMAN; COUNCILPERSON JOSE F. MORENO; COUNCILPERSON LUCILLE KRING; COUNCILPERSON TREVOR O'NEIL; and SANDRA SAGERT

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERICAN GROUND TRANSPORTATION, INC., a California Corporation, doing business as 24/7 Taxi Cab,<br><br>Plaintiff,<br><br>v.<br><br>THE CITY OF ANAHEIM; MAYOR HARRY S. SIDHU; MAYOR PROTEM STEPHEN FAESSEL; COUNCILPERSON DENISE BARNES; COUNCILPERSON JORDAN BRANDMAN; COUNCILPERSON JOSE F. MORENO; COUNCILPERSON LUCILLE KRING; COUNCILPERSON TREVOR O'NEIL; SANDRA SAGERT, COMMUNITY PRESERVATION AND LICENSING MANAGER; and DOES 1 through 100, Inclusive,<br><br>Defendants. | Case No.:   8:21-cv-01629 SSS (KESx)<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br><br><br>Action Filed:   December 31, 2020<br>Trial Date:    None set |

Pursuant to Court Order dated June 25, 2022, the parties file this updated Joint Case Management Statement:

a. **Date case filed**: December 31, 2020

b. **List/description of each party**: Plaintiff American Ground Transportation, Inc. dba 24/7 Taxi Cab.  Defendants City of Anaheim, Mayor and Councilmembers and Sandra Sagert, Community Preservation Manager.

c. **Summary of Claims and d. Description of events:** The Complaint alleges 4 claims: 1) Writ of Administrative Mandate (state claim), 2) Traditional Writ of Mandate (state claim), 3) Declaratory Relief for Unconstitutional Application of Ordinances (5th/14th Amendments), and 4) Violation of Federal Civil Rights (42 USC §1983).

The Complaint also incorporates the allegations of the underlying complaint in companion case #30-2013-00688977-CU-MC-CJC, styled as "American Ground Transportation, etc. v. Anaheim, etc., et al.," which was deemed "Related" to the instant case while it was still in State Court, and which was assigned to the same Judge for all purposes (The Hon. Glenn Salter) (the "Related Case")  The Related Case was referenced throughout the Complaint and was incorporated into it (see e.g., paragraphs 6 – 11.)  The Related Case challenged the propriety of Defendant's refusal to grant Plaintiff a taxicab franchise beginning in the year 2012 and continuing for at least eight years thereafter.  The Related Case proceeded through a Court trial and various court-ordered administrative proceedings, and ultimately an appeal was taken by Plaintiff in Case #G055501 brought before the Court of Appeal for the Fourth District of California, Third Division.  The October 31, 2019 Opinion in Case #G055501 reversed the Dismissal of the Seventh Cause of Action in the complaint in the Related Case and ordered Defendant The City of Anaheim to issue a new Request for Proposal ("RFP") for the issuance of the same fifty taxicab permits that Plaintiff had been denied in the year 2012 and thereafter.  Plaintiff alleges that the City of Anaheim did not comply with this Order, but

instead waited until another taxicab franchise holding the majority of the then outstanding Anaheim taxicab RFP permits, went out of business in or about May of 2020.  Anaheim then combined the now-defunct taxicab company's permits, with the 50 ordered to be made available per the Opinion in Case #G055501, so that the RFP included a bid for a total of 205 taxi permits.  Plaintiff provided a responsive and compliant RFP Application seeking a total of 100 Anaheim taxicab permits, as it had been seeking from Anaheim since 2012 (and before.)  Plaintiff maintains that the City of Anaheim acted improperly in "commingling" the 50 RFP permits from the year 2012, with those that did not come available until the year 2020; and that it was important to have two separate RFP procedures and then to segregate the awards from each, in order to keep the causation and other legal issues clear, and to make the amount of damages arising from each award, calculable.  (See the allegations of paragraphs 15 – 17 & 19 - 20 of the Complaint.)  When finding that Anaheim had complied with the Writ by issuing its RFP for a total of 205 permits, the Court in its 06/28/2021 MINUTE ORDER in the Related Case specifically explained that it "is irrelevant insofar compliance with the writ is concerned," to determine whether the 50 permits that were awarded to Plaintiff, were the same as those referenced in the (Opinion in Case #G055501) or were from the 155 permits that had just become available in the Summer of 2020.

      The Court in the Related Case thereafter granted Anaheim's Motion for Judgment on the Pleadings ("MJOP") on the grounds that Anaheim was statutorily immune from State Court damages, and thereafter dismissed the Related Case.  However in so doing the Court in the Related Case specifically refused to countenance Plaintiff's Section 1983 Claim which had also been referenced in the Complaint in this case (which had just been removed to this Court,) explaining at p. 2 lines 16-20 of its Order granting MJOP that:

///

> …[T]he court agrees with the City that the permission to file an amended complaint did not include the right to file a separate cause of action for 1983 damages. The court strikes that cause of action as unauthorized.
>
> Because it appears the plaintiff has also filed a separate cause of action for such damages in a separate complaint, it does not appear that the plaintiff is prejudiced by the striking of its 1983 claim here.

Further, relevant portions of the very Section 1983 claims contained in the Complaint were presented in Plaintiff's Supplemental Complaint filed in the Related Case on 06/09/2017 (the trial court's dismissal of which claims were reversed in Appellate Case #G055501.)  These claims remained viable until at least the time of the 6/28/21 MINUTE ORDER described above (long after the Complaint was filed,) when the Court in the Related Case struck the claim, stating that it was already addressed in the Complaint.  Therefore said Section 1983 claims are bridged back to the date of the filing of the Complaint in the Related Case or the Supplemental Complaint, and prior to that.  Thus all of those issues remain in the instant Complaint and are ripe and justiciable herein.

Defendants' claim that the City followed the Court of Appeal's order and its franchise ordinances in awarding the taxicab franchises in 2020 and that all issues before the 2 year statute of limitations are barred and cannot be re-litigated in this case.  Further, the prior orders and decisions of the court in the state case are the law of the case, res judicata and/or collateral estoppel in this case.

    **e.   Relief Sought/Damages:** Plaintiff alleges lost profits and related losses.  Plaintiff values the provable damages for lost profits at $4,030,674.12 to $8,061,348.12, in addition to the value of the damage to its reputation, its loss of market share, and the value of its lost economic opportunity.

Plaintiff alleges that these include a determination that the 50 franchise permits that Anaheim awarded to Plaintiff in 2020 were "those 50 permits" that were ordered on October 31, 2019 by the Court of Appeal in Case #G055501 to

be put up for bid in an RFP, and the amount of damages resulting to Plaintiff from the long delay in not receiving them until 2020; the City's alleged wrongful denial of an award of an additional 50 permits to Plaintiff pursuant to the July 2020 RFP, and damages proximately resulting therefrom; and the City's and the other Defendants' alleged denial of Plaintiff's rights, privileges, and immunities guaranteed to it under the U.S. Constitution and other laws, by Defendants' alleged failure and refusal to act constitutionally in implementing, scoring, and awarding taxicab franchises to the companies seeking them in 2012, 2016, and 2020 and the amount of damages resulting therefrom.  Plaintiff also seeks the issuance of a Writ as prayed for in the Complaint.

The City contends that it properly followed the Court of Appeal's order and its franchise ordinances in awarding taxicab franchises in 2020 and that all issues before the 2-year statute of limitations are barred and cannot be re-litigated in this case.  Further, the prior orders and decisions of the court in the state case are the law of the case, res judicata and/or collateral estoppel in this case.

      **f.  Status of discovery/cutoff date/limits**:  Administrative Record is being prepared.  Fact Discovery Cut-off date is January 6, 2023.

A voluminous Administrative Record will be put together for all taxicab franchises hearing held by the Anaheim City Council in 2020.  Also all court orders from prior state court cases including previous Court of Appeal decisions and the most recent remittitur, along with certain records from a prior related federal case.  Plaintiff has already submitted a Notice to Prepare Administrative Record ("AR") identifying all of the categories of documents it maintains should be a part of the AR.  The City believes that records before the 2 year statute of limitations are not relevant to this case and only those records requested by Plaintiff in categories 1 and 2 are relevant.

There shall be the following limits on discovery:

///

Maximum of twenty-five (25) interrogatories by each party to any other party without Court order.

Maximum of ten (10) depositions per side unless extended by stipulation of the parties.  Defendants will take up to ten (10) depositions; Plaintiffs will take up to ten (10) depositions without Court order.  Each deposition limited to a maximum of seven (7) hours unless extended by agreement of the parties.  All depositions shall be commenced at least five (5) working days prior to the discovery cut-off date.

All written discovery, interrogatories, requests for production, and requests for admissions must be served at least forty-five (45) days before the discovery cut-off date.

Any motion respecting the inadequacy of responses to discovery must be filed and served not later than ten (10) days after the discovery cut-off date.

g. **Procedural History**: Case removed from state court.  Mediation scheduled for November 10, 2022.

h. **Current deadlines/Court dates**

Fact discovery Cutoff:  January 6, 2023

Last day to File Motion:  January 20, 2023

Last Day to Serve Initial Expert Reports:  January 20, 2023

Last Day to Serve Rebuttal Expert Reports:  February 17, 2023

Expert Discovery Cutoff:  March 10, 2023

Last Day to Conduct Settlement Proceedings:  March 17, 2023

Last Day to File Motions in Limine/Daubert Motions:  August 11, 2023

Final Pretrial Conference (10:30 a.m.):  September 8, 2023

Preliminary Trial Estimate:  5 days, no date set.

i. **Not applicable**

j. **Magistrate judge:**  Parties don't consent to Magistrate judge for trial.

k. Not applicable.

1     **l.  Not applicable**.

2     **m.  Other: Preliminary Trial estimate.**  Trial will be by jury.  At this time the expected length of trial is approximately five (5) court days, excluding voir dire, opening statements, closing arguments and jury instructions.  A trial date is needed.

Dated:  July 8, 2022      ROBERT FABELA, CITY ATTORNEY

By: /s/ Moses W. Johnson, IV
Moses W. Johnson, IV
Assistant City Attorney
Attorneys for Defendants
CITY OF ANAHEIM, MAYOR HARRY S. SIDHU; MAYOR PROTEM STEPHEN FAESSEL; COUNCILPERSON DENISE BARNES; COUNCILPERSON JORDAN BRANDMAN; COUNCILPERSON JOSE F. MORENO; COUNCILPERSON LUCILLE KRING; COUNCILPERSON TREVOR O'NEIL; and SANDRA SAGERT

Dated:  July 7, 2022      CAZZELL & ASSOCIATES, ATTORNEYS

By: /s/ Maryann Cazzell
Maryann Cazzell
Attorney for Plaintiff
AMERICAN GROUND TRANSPORTATION, INC

146233